# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| **RENEE DITTMER,** | : | CASE NO. 1:25-cv-586 |
| Plaintiff, | : | Judge Jeffery P. Hopkins |
| v. | : | **DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT** |
| **CITY OF MIDDLETOWN, OHIO,** | : | |
| Defendant. | : | **JURY DEMAND ENDORSED HEREON** |

Now comes Defendant City of Middletown, Ohio, by and through counsel, and for its Answer to Plaintiff's Complaint states as follows:

## PARTIES AND JURISDICTION

1. Answering Paragraph 1, Defendant is without knowledge and information sufficient to form a belief as to Plaintiff's residency and therefore denies the same. Defendant admits the remaining allegation.

2. Answering Paragraph 2, Defendant admits the allegation.

3. Answering Paragraphs 3, 4, and 5, Defendant states that the allegations contain legal conclusions for which no response is required. To the extent the allegations allege facts, Defendant denies the allegations contained therein as written.

## STATEMENT OF FACTS

4. Answering Paragraph 6, Defendant admits the allegation.

5. Answering Paragraphs 7, 8, 9, and 10, Defendant is without knowledge and information sufficient to form a belief as to the truth of the allegation and therefore denies the same.

6. Answering Paragraphs 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, and 23, Defendant denies the allegations as written.

7. Answering Paragraph 24, Defendant denies the allegations.

8. Answering Paragraphs 25 and 26, Defendant denies the allegations as written.

9. Answering Paragraph 27, Defendant admits the allegation. To the extent the allegations imply wrongdoing, Defendant denies the same.

10. Answering Paragraph 28, Defendant denies the allegation.

11. Answering Paragraph 29, Defendant admits the allegation. Answering further, Defendant states that the Commission found no probable cause that Defendant engaged in unlawful discriminatory practice in violation of Ohio Revised Code Chapter 4112.

## CAUSES OF ACTION

### Count I: Violation of Title VII
### Sex and Gender Identity Discrimination

12. Defendant incorporates the foregoing admissions and denials by reference herein.

13. Answering Paragraph 31, Defendant states the allegation contains legal conclusions to which no response is required. To the extent the allegation alleges facts or implies wrongdoing, Defendant denies the same.

14. Answering Paragraph 32, Defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations and therefore denies the same.

15. Answering Paragraphs 33, 34, and 35, Defendant denies the allegations.

### Count II: Violation of Title VII
### Disability Discrimination

16. Defendant incorporates the foregoing admissions and denials by reference herein.

17. Answering Paragraphs 37 and 38, Defendant state the allegations contain legal conclusions for which no response is required. To the extent the allegations allege facts, Defendant denies the same.

18. Answering Paragraphs 39, 40, and 41, Defendant denies the allegations.

**Count III: Violation of O.R.C. § 4112.01,** *et seq***.**

19. Defendant incorporates the foregoing admissions and denials by reference herein.

20. Answering Paragraph 43, Defendant states allegations contain legal conclusions for which no response is required. To the extent the allegations allege facts, Defendant denies the same.

21. Answering Paragraph 44 and its subparts a & b, Defendant is without sufficient knowledge and information to form a belief as to the truth of the allegations and therefore denies the same.

22. Answering Paragraphs 45, 46, and 47, Defendant denies the allegations.

23. Defendant denies any and all allegations not otherwise specifically admitted or denied herein.

**AFFIRMATIVE DEFENSES**

1. Plaintiff has failed to state a claim upon which relief may be granted.

2. Defendant states that, if in fact Defendant performed any wrongful acts, which is specifically denied, any alleged act or omission by it was done in good faith, and Defendant had reasonable grounds for believing that its conduct did not violate any federal or state statutory provisions.

3. Plaintiff suffered no actual harm or loss as a result of the actions of Defendant.

4. At all times, Defendant acted in accordance with the Constitution of the United States, the Constitution of the State of Ohio, all Ohio statutory provisions, and all state and local laws relative thereto.

5. All actions taken by the Defendant were in compliance with all laws, were privileged, and absolutely privileged.

6. At all times, Defendant acted reasonably, lawfully, without malice and in good faith. If, in fact, Defendant performed any wrongful acts, which are specifically denied herein, such acts were not performed knowingly, purposely, with malicious purpose, in bad faith, intentionally, recklessly, willfully or wantonly.

7. Plaintiff's claim for punitive damages is in violation of the Ohio and United States Constitution, statutory and the common law.

8. The injuries and damages allegedly sustained by Plaintiff are the direct and proximate result of the conduct of Plaintiff, which was intentional, willful, wanton, reckless, and negligent.

9. Defendant states it had a legitimate business justification and non-discriminatory and non-retaliatory reason for any and all actions taken by it.

10. Defendant's actions were taken based upon an honest belief of particular facts and reasonably relied on the particularized facts that were before it at the time the decision was made.

11. Plaintiff has failed to mitigate her damages.

12. At all times, Defendant's actions were legally justified.

13. If Plaintiff was injured or damaged, any and all injury or damage was a proximate result of circumstances beyond the control of this answering Defendant.

14. If Plaintiff was injured or damaged, any and all such injury or damage was caused by the sole action of Plaintiff.

15. Plaintiff's damages, if any, may be subject to setoff.

16. Plaintiff's claims may be barred by the doctrine of estoppel, issue preclusion, claim preclusion, res judicata, laches, mootness, waiver and/or the statute of limitations.

17. The Complaint may fail to join all necessary and indispensable parties and claims required to be joined by Civ. R. 19, without limitation, subrogees and subrogated claims.

18. Any damages awarded in this case may be subject to reduction pursuant to O.R.C § 2744.05, 2315.18 and 2315.20.

19. Defendant states that Plaintiff's Complaint is barred by the doctrine of unclean hands.

20. Defendant states that Plaintiff suffered no compensable damages as a result of any alleged actions by Defendant.

21. At no time material hereto did Defendant act with deliberate indifference to the federally or state protected rights of Plaintiff.

22. Defendant's actions were based upon reasonable factors other than sex or disability.

23. Defendant gives notice that it intends to assert and rely upon all affirmative defenses, immunities, avoidances, counterclaims, cross-claims, and third party claims that become available or apparent during the course of discovery or trial, and Defendant hereby reserves the right to amend its Answer to assert such defenses.

**WHEREFORE**, the Defendant requests that this Honorable Court dismiss Plaintiff's Complaint with an Order that Defendant's attorney fees and costs be paid as provided under applicable law.

Respectfully submitted,

SURDYK, DOWD & TURNER CO., L.P.A.

*/s/ Dawn M. Frick*_____
Dawn M. Frick (0069068)
Jeffrey C. Turner (0063154)
David B. Shaver (0085101)
Justin R. Marks (0103811)
8163 Old Yankee Street, Suite C
Dayton, Ohio 45458
(937) 222-2333, (937) 222-1970 (fax)
dfrick@sdtlawyers.com
jturner@sdtlawyers.com
dshaver@sdtlawyers.com
jmarks@sdtlawyers.com
*Trial Attorneys for Defendant City of Middletown, Ohio*

## **JURY DEMAND**

Defendant hereby demands a trial by jury on those claims to which it is entitled.

*/s/ Dawn M. Frick*_____
Dawn M. Frick (0069068)

**CERTIFICATE OF SERVICE**

   I hereby certify that on October 14, 2025, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, a copy of which will automatically be forwarded to the parties or their counsel of record:

Steven Imm (0040068)
Samantha Isaacs (0104509)
FINNEY LAW FIRM, LLC
4270 Ivy Pointe Blvd., Suite 225
Cincinnati, OH 45245
stephen@finneylawfirm.com
samantha@finneylawfirm.com
*Attorneys for Plaintiff*

                */s/ Dawn M. Frick*_____
                Dawn M. Frick (0069068)